# Exhibit B

4/23/2025 4:19 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-25-002886
Victoria Benavides

D-1-GN-25-002886

CAUSE NO. ______________

| | | |
|---|---|---|
| ANN MARILYN LEITCH, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| AIRBNB, INC. | § | 126TH, DISTRICT COURT |
| AIRBNB PAYMENTS, INC., | § | |
| Defendants. | § | __________ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ann Marilyn Leitch, Plaintiff, and files her Original Petition and Jury Demand complaining of AirBNB, Inc. and AirBNB Payments, Inc., collectively, the Defendants, and would respectfully show unto the Court as follows:

**1.00 DISCOVERY CONTROL PLAN**

Pursuant to Rule 190 *et seq* of the Texas Rules of Civil Procedure, Plaintiff requests a Level III discovery control plan.

**2.00 REQUEST FOR DISCLOSURE**

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendants to disclose, within thirty (30) days of service of this request, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure. Plaintiff specifically requests Defendants to produce responsive documents to the undersigned in a mutually agreeable manner within thirty (30) days of service of this request.

**3.00 PARTIES**

3.01 Plaintiff is a resident of Dallas County, Texas.

3.02 Defendant AirBNB, Inc. is a Foreign Corporation registered to do business in the

state of Texas. It may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

3.03 Defendant AirBNB Payments, Inc. is a Foreign Corporation registered to do business in the state of Texas. It may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

**4.00 VENUE AND JURISDICTION**

This Court has original jurisdiction over the subject matter of this suit because the damages sought are within the jurisdictional limits of this Court, and all other jurisdictional prerequisites are met for this Court to exercise jurisdiction over the Defendants in this matter. Venue is proper in Travis County, Texas under Texas Civil Practices and Remedies Code Section 15.002

**5.00 FACTS**

On 4/19/2023, Plaintiff suffered a fall injury off of a staircase in an AirBNB while temporarily residing at a premises offered to Plaintiff under contract with Defendants, and this fall was due to Defendants' negligence. The staircase was inside these premises and lacked a railing or barrier to prevent Plaintiff's fall. The fall broke Plaintiff's tibia, resulting in a tibial plateau fracture of the right leg and caused Plaintiff to suffer distress, pain, and major damages. Plaintiff was unable to work for 5 months and was confined to a wheelchair and then a walker. Defendants and/or Defendants' agents removed and/or failed to include necessary safety equipment or remedy the dangerous condition of the staircase.

**6.00 CAUSES OF ACTION AGAINST DEFENDANT**

6.01 Plaintiff incorporates the foregoing paragraphs as if set forth fully herein. Plaintiff would show that the negligent acts and omissions of Defendants was a direct and proximate cause of the incident in question and the resulting injuries and damages she sustained. The violations, negligent acts and omissions are, among others, as follows: rooted in negligence, gross negligence, premises liability, and negligent activities causes of action under Texas law.

Defendants are liable for the acts and omissions of their employees and agents under the principles of *respondeat superior*.

6.02 A valid and subsisting contract existed between Plaintiff and Defendants at the time of the incident. Defendants' failure to provide safe lodging, and failure to reimburse Plaintiff for medical and other expenses, are breaches of this contract. Defendants are liable under breach of contract.

**7.00 RULE 47 NOTICE**

Pursuant to Texas Rule of Civil Procedure 47, and without limitation of any kind, Plaintiff currently seeks only monetary relief over $250,000 but not more than $1,000,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

**8.00 DAMAGES**

8.01 As a direct and proximate result of the negligence described above, Plaintiff has suffered the following damages:

8.02 As a result of the incident described herein, Plaintiff has incurred medical expenses and in all reasonable probability such medical expenses will continue in the future.

8.03 Plaintiff has suffered lost wages and/or lost earning capacity in the past as a result of this incident and in reasonable probability such lost earning capacity will continue in the future.

8.04 Plaintiff has experienced physical pain and suffering in the past as a result of this incident and in all reasonable probability will sustain physical pain and suffering in the future as a result of her physical injuries.

8.05 Plaintiff has experienced mental anguish in the past as a result of this incident and in all reasonable probability will sustain mental anguish in the future as a result of this incident.

8.06 Plaintiff has experienced physical impairment or physical incapacity in the past as a result of this incident and in reasonable probability will sustain physical impairment or physical incapacity in the future.

8.07 Plaintiff has experienced physical disfigurement in the past and in all reasonable probability will suffer physical disfigurement in the future as a result of the incident in question.

8.08 As a result of the above, Plaintiff seek damages in excess of the minimum jurisdictional limits of this Court.

**9.00 EXEMPLARY DAMAGES**

For additional causes of action, Plaintiff re-plead as fully as though set forth in this paragraph all allegations under paragraphs 1.00 through 8.00 and alleges that all the acts and omissions on the part of the Defendants, taken singularly or in combination, constitute gross negligence and were the proximate cause of the damages and injuries of Plaintiff as alleged herein. This gross negligence entitles the Plaintiff to exemplary damages. Specifically, Plaintiff alleges that the Defendants' acts were more than momentary thoughtlessness, inadvertence, or error of judgment. The Defendants acted with such an entire want of care to establish that the acts and/or omissions were the result of actual conscious indifference to the rights, safety or welfare of the Plaintiff. Plaintiff seeks exemplary damages against the Defendants in the amount of four times Plaintiff's actual damages or to punish Defendants for their wrongdoing and to deter other individuals and companies that might be tempted to engage in the same or similar conduct.

**10.00 CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST**

Plaintiff herein claims lawful interest in accordance with Article 5069-1.05 of the V.A.T.S.and any other applicable law.

**11.00 JURY DEMAND**

Plaintiff requests that a jury be convened to try the factual issues in this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein and, upon final hearing of this cause, Plaintiff have judgment against Defendants for damages described herein, for costs of suit, interest from the date of the incident and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Ann Marilyn Leitch

______________________

PLAINTIFF